UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KLARISSA K. CASTILLO-LOSOLLA, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.: _____ |
| LASSETER TRACTOR COMPANY, INC., | * |
| Defendant. | * JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW PLAINTIFF KLARISSA K. CASTILLO-LOSOLLA and files this Complaint against the Defendant Lasseter Tractor Company, Inc., showing the Court as follows:

### INTRODUCTION

1.

This is a civil rights action for damages and injunctive relief arising out of the decision by Lasseter Tractor Company, Inc. (alternatively, "Lasseter") to terminate Ms. Castillo-Losolla's employment on the basis of her gender and pregnancy in violation of the Title VII of the Civil Rights Act of 1964, as amended by the

Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e, *et seq.* Ms. Castillo-Losolla and a male co-worker violated Lasseter's "NO DATING" policy and only Ms. Castillo-Losolla's employment was terminated. Lasseter has no legitimate nondiscriminatory reason for its decision to terminate Ms. Castillo-Losolla's employment. Ms. Castillo-Losolla's employment was terminated because of her gender and because of her pregnancy.

## JURISDICTION AND VENUE

2.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under the laws of the United States, to wit, Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

3.

Venue is proper in this Court under 28 U.S.C. § 1391 because it is a district where Defendant resides or does business and where a substantial part of the events giving rise to Ms. Castillo-Losolla's claims occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.

All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, have occurred, including Ms.

Castillo-Losolla's filing of a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), a copy of which is attached hereto as Exhibit A, and including issuance by the EEOC of a Notice of Right to Sue, a copy of which is attached hereto as Exhibit B.  Ms. Castillo-Losolla has timely filed this action within ninety (90) days of receipt of the EEOC Notice of Right to Sue dated August 30, 2021.

## PARTIES

5.

Plaintiff Klarissa K. Castillo-Losolla is a female citizen of the United States and a resident of the State of Georgia and Toombs County.  She was employed by the Lasseter Tractor Company, Inc. in Lyons, Georgia when her employment was unlawfully terminated.

6.

Lasseter Tractor Company, Inc. is a corporation organized and existing under the laws of the State of Georgia.  The company can be served with this Complaint by serving its registered agent for service of process, Judd Lasseter, 1000 Veterans Parkway, Moultrie, Georgia 31788.

## STATEMENT OF FACTS

7.

Plaintiff Klarissa K. Castillo-Losolla was employed by Lasseter as an

administrative assistant at its Lyons, Georgia store location from October 30, 2017 until her employment was terminated on August 12, 2020.

8.

Ms. Castillo-Losolla's immediate supervisor was Chris Hopkins, a male individual who was Lasseter's Store Manager in the Lyons, Georgia store.

9.

Store Manager Chris Hopkins' direct supervisor was Doug Eldridge, the Corporate Service Manager whose work location was in Moultrie, Georgia.

10.

At the time her employment was terminated, Ms. Castillo-Losolla was qualified for the position for which she was employed.

11.

Until termination of her employment, Ms. Castillo-Losolla never received a negative evaluation of her performance.

12.

In approximately May 2020, Gregory Gilder, another non-supervisory employee in the Lyons, Georgia store, entered into a dating relationship with Ms. Castillo-Losolla.

13.

Mr. Gilder impregnated Ms. Castillo-Losolla and thereafter refused to take

responsibility for his conduct, except that he offered to pay for Ms. Castillo-Losolla to have an abortion. Ms. Castillo-Losolla refused to have an abortion.

14.

On the morning of August 12, 2020, Mr. Gilder informed his supervisors Daryl Breedlove and Store Manager Chris Hopkins about the dating relationship with Ms. Castillo-Losolla, and Mr. Hopkins immediately informed Corporate Services Manager Doug Eldridge about the relationship.

15.

On the morning of August 12, 2020, Mr. Gilder informed his supervisors Daryl Breedlove and Store Manager Chris Hopkins about the fact that he had impregnated Ms. Castillo-Losolla, and Mr. Hopkins immediately informed Corporate Services Manager Doug Eldridge about the pregnancy.

16.

On the same day Mr. Eldridge was informed about the dating relationship and the pregnancy (i.e., August 12, 2021), Mr. Eldridge and Human Resources Manager Regina Hembree drove two and one-half hours from their work location in Moultrie, Georgia to Lyons, Georgia for the purpose of terminating Ms. Castillo-Losolla's employment.

17.

Lasseter learned about the dating relationship between Mr. Gilder and Ms.

Castillo-Lossola and about Ms. Castillo-Lossola's pregnancy on August 12, 2020.

18.

Within hours of learning that Ms. Castillo-Losolla was pregnant, and on the same work day, Lasseter terminated her employment. Lasseter chose not to terminate Mr. Gilder's employment.

19.

Lasseter concluded that Ms. Castillo-Losolla and Mr. Gilder both violated the company "NO DATING" policy.

20.

The "NO DATING" policy is equally applicable to all employees of Lasseter, regardless of the job position an employee performs.

21.

Ms. Castillo-Losolla's employment was terminated for conduct similar or identical to the conduct of her male co-worker whose employment was not terminated.

22.

Despite its conclusion that Ms. Castillo-Losolla and Mr. Gilder both violated the "NO DATING" policy, Lasseter chose to terminate the employment of Ms. Castillo-Losolla.

23.

Lasseter, through its agents, knowingly, willfully and intentionally discriminated against Ms. Castillo-Losolla as described above and as further to be proved at trial when it terminated Ms. Castillo-Losolla's employment on the basis of her gender, female, and because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

24.

The reasons given by Lasseter for denial of Ms. Castillo-Losolla's rights and termination of her employment are false and a pretext for the discriminatory motivations underlying Lasseter's actions.

25.

Ms. Castillo-Losallo's gender and pregnancy were a motivating factor underlying Lasseter's action to terminate her employment.

26.

As a direct, legal and proximate result of Lasseter's violations of Ms. Castillo-Losolla's rights under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, Ms. Castillo-Losolla was and remains injured in an amount to be proven at trial.

27.

Lasseter is liable to Ms. Castillo-Losolla for all damages arising from its

violation of Ms. Castillo-Losolla's rights under the Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

28.

Ms. Castillo-Losolla respectfully requests that the Court award all damages and equitable relief provided by Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, against Lasseter and for Ms. Castillo-Losolla in an amount and of a nature to be determined by evidence offered at trial of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

(a) Take jurisdiction of this matter and declare that Ms. Castillo-Losolla's rights under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, were violated by Lasseter;

(b) Permanently enjoin Lasseter from further discriminating against Ms. Castillo-Losolla because of her race;

(c) Award Ms. Castillo-Losolla compensatory damages, including without limitation, all lost wages, benefits, and other losses incurred as a result of Lasseter's unlawful discrimination;

(d) Order Lasseter to rehire Ms. Castillo-Losolla into her previous position of employment, or to award her front pay, as just, equitable and

appropriate;

(e) Award Ms. Castillo-Losolla pre-judgment and post-judgment interest;

(f) Award Ms. Castillo-Losolla her costs and expenses of this action, including reasonable attorney fees as authorized by law;

(g) Grant a trial by jury; and

(h) Award such other and further legal and equitable relief as will effectuate the purposes of the referenced statutes or as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 24rd day of November, 2021.


*S. Wesley Woolf*
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*

WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net